The Honorable Jay Bradford State Senator P. O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding a catalogue wholesale business. You note that in order to promote the venture, salespersons would be engaged on a commission basis. According to the facts outlined in your request, each salesperson would pay an annual membership fee of $15.00 and would have the option of purchasing a $25.00 gift certificate which would entitle that person to additional discounts on purchases. The $25.00 gift certificate would also enable that person to earn a $2.00 commission for each person he or she signs up, through a certain level. You have asked whether this commission sales arrangement violates Arkansas law.
Arkansas Code of 1987 Annotated 4-88-108 states as follows:
 (a) Every person who contrives, prepares, sets up, proposes, or operates any pyramiding device shall be guilty of an unlawful practice. (b)(1) As used in this section, a pyramiding device shall mean any scheme for the disposal or distribution of property whereby a participant pays valuable consideration for the chance to receive compensation for introducing one or more additional persons into participation in the scheme or for the chance to receive compensation when a person introduced by the participant introduces a new participant.
 (2) "Compensation," as used in this section, does not mean or include payment based upon sales made to persons who are not participants in the scheme and who are not purchasing in order to participate in the scheme.
The clear language of this statute indicates that a violation will occur if the commission is paid "for introducing one or more additional persons into participation in the scheme. . . ." If the primary purpose of the commission sales arrangement is to recruit and engage others in the plan, it is my opinion that A.C.A.4-88-108 will be violated.
However, it may be successfully contended in this instance that the sale of a product removes the plan from the Arkansas Consumer Protection Act. It appears that commissions are paid on the sale of the $25.00 gift certificate, which arguably has an alternative purpose other than mere recruitment. The facts presented in your request indicate that the gift certificate will entitle the purchaser to additional discounts on purchases. The inapplicability of 4-88-108 may also be premised upon the contention that the gift certificate is not purchased for the chance to receive compensation for recruiting others, but rather for the discount on purchases made available thereby.
Thus, while the commission arrangement does not, on its face, appear to violate Arkansas law, it becomes apparent that the answer to this question may vary depending upon the particular facts involved. A violation will in all likelihood occur if it can be shown that the commission arrangement is primarily designed for recruitment purposes. This is a question of act within the province of the judiciary.
It must be noted, finally, that while the Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill, he is precluded from engaging in the private practice of law. A.C.A.25-16-701. Thus, the Attorney General does not give legal advice, approval, authorization or registration to any business entity whatsoever. This opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.